IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**MARGARET JEAN SMITH,**

    **Plaintiff,**

vs.                                           **CIVIL ACTION NO. 5:22-CV-00154**

**US FEDERAL GOVERNMENT AGENCIES,**
*ET AL.*,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1)[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint[2] (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[3]

---

[1] Although Plaintiff indicates she has $67,818.60 in cash, savings, or checking account, given the allegations contained in her Complaint, the pre-screening requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) did not warrant an order that this Plaintiff should submit the appropriate filing fees.

[2] While it is the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review there appears no cognizable claim for relief, the undersigned determined that this particular litigant will be unable to comply with that directive. The undersigned reviewed a prior complaint filed by this litigant that involved similar allegations, and previously gave her an opportunity to amend, but she still failed to state any cognizable claim for relief (see *Margaret Jean Smith v. United States of America, et al.,* No. 5:21-cv-677). It is further noted that the Court adopted the undersigned's proposed findings and recommendation for disposition in that prior action (Id.; ECF No. 12).

[3] Because Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

**Plaintiff's Allegations**

In her Complaint, Plaintiff names the following Defendants: (1) "US Federal Government Agencies, Washington, D.C."; (2) "Samsung Corp. 85 Challenger Road, Ridgefield, New Jersey 07660-2106"; (3) "Samsung Corp. Headquarters Gangnamsuwun-si, Seoul, South Korea"; (4) "Overseas, Corp. for flatscreen TV"; (5) "Sony Corp."; (6) "Samsung Corp. New Jersey, Seoul, South Korea"; (7)[4] "TCL Corp."; (8) "Hisene Corp."; (9) "Vizio Corp."; (10) "Toshiba Corp."; (11) Panasonic Corp."; (12) "LG Electronics Corp."; (13) "JVC Corp."; (14) "Magnavox Corp."; (15) "Westinghouse Corp."; (16) "Samsung Electronics"; (17) "Haier Corp."; (18) "Skyworth Corp."; (19) "Insiginia Corp."; (20) "Bush Corp."; (21) "AOC International Corp."; (22) "BPL Group Corp."; (23) "TCL Corporation"; (24) "SunBrite TV Corp."; (25) "Daewoo Corp."; (26) "Compal Electronics Corp"; and (27) "Telefunken Corp."

Plaintiff indicates the basis for federal court jurisdiction is based upon a federal question, specifically:

> 28 U.S.C. § 1331, this case is a federal law and treaties. A federal question; Article 1 Section 8 of U.S. Constitution; 28 U.S.C. § 1498, the government can be sued for copyright infringements (Uniform Trade Secret Act)/ 18 U.S.C. Section 1832 International Trade

(ECF No. 1 at 7) As mentioned *supra* in footnote 2, Plaintiff once again alleges that her design of the flat screen TV was stolen by a federal agent in 1993. (Id. at 8) She now alleges that Defendant Samsung "produced my TV design along with other U.S. Corporations and Overseas Corporations this is a patent infringement." (Id.) Plaintiff further states that "Samsung Corp. was given my flat screen TV design to mass produce by Federal government agent after government [stole] my design from my home on City Ave Beckley 1993." (Id. at 9) She claims that the "list of Flat screen

---

[4] Plaintiff numbered this Defendant as "#6A", however, for the sake of simplicity, the undersigned maintains a normal numbering format.

TVs Corps. infringed on my design of the flat screen TV." (Id.) Plaintiff asks for "actual damages unjust enrichment, royalties for use of trade secrets misappropriation of exemplary damages plus attorney fees" and that the "amount of the claim is undetermined trillions and trillions of dollars." (Id. at 8)

## The Standard of Review

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her 'amended' Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

3

entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

**Discussion**

As noted *supra*, this is the second time Plaintiff has filed a complaint based on similar allegations that an unnamed federal agent stole her flat screen TV design in 1993, and maintains her claims against numerous defendant corporations based on "fantastic or delusional scenarios." Neitzke at 327-328. As the undersigned had found in her prior lawsuit, Plaintiff still fails to substantiate her outlandish allegations with any facts supporting any cognizable claim for relief. As before, Plaintiff continues to fail to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure[5] as it does not contain sufficient facts and circumstances showing that she is entitled to relief. In its ruling on Plaintiff's appeal in the prior lawsuit, the Court observed that "[t]here are no facts showing that Ms. Smith invented the flat screen TV" (see *Margaret Jean Smith v. United States of America, et al.,* No. 5:21-cv-677, ECF No. 12 at 5). Nothing has changed in the case *sub judice* that causes the undersigned to deviate from his findings and conclusions set forth in that prior case concerning her patent/copyright infringement claims, as Plaintiff has merely reproduced the same allegations herein. To that extent, the undersigned incorporates by reference the reasoning set forth in the prior proposed findings and conclusion (Id., ECF No. 6) as one of the bases for recommending dismissal of this action.

---

[5] A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, given the fact that this Court adopted those findings and conclusion regarding Plaintiff's alleged patent/copyright infringement claims, the undersigned further finds to the extent that Plaintiff's patent/copyright infringement claim against federal agencies and/or unnamed agents and employees thereof concerns the same claim she raises against the named Defendants herein, it would appear that Plaintiff is attempting to resurrect prior claims that were already adjudicated by this Court.

The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of Plaintiff's current civil action. The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

5

It is apparent that this case involves the same events or offenses complained of in the prior civil action Plaintiff filed in this Court. "The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499, at *3 (S.D.W.Va. Jun. 7, 2012) (citations omitted). The undersigned finds that Plaintiff's allegations or issues raised in the current civil action are the same as those presented in her prior civil action, she merely adds numerous corporate defendants to bootstrap that claim. Moreover, Plaintiff never appealed this Court's decision in the prior action, therefore, the current case is barred by *res judicata*.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: September 20, 2022.



Omar J. Aboulhosn
United States Magistrate Judge