# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

MARGARET JEAN SMITH,

      Plaintiff,

v.                                      CIVIL ACTION NO. 5:22-cv-00154

US FEDERAL GOVERNMENT AGENCIES,
*et al.*,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending is Plaintiff Margaret Jean Smith's Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 30, 2022. [Doc. 1]. The matter is ready for adjudication.

## I.

Ms. Smith instituted this action against the Government and various "TV companies" on March 30, 2022.[1] [Doc. 2]. She alleges that in 1993, a federal agent stole her design for a flat screen TV and then provided it to Defendant Samsung Corp. and other companies for mass production. *Id.* at 8-9. As a consequence of these actions, Ms. Smith claims to have suffered "trillions and trillions of dollars" in damages. *Id.* at 8. The Court subsequently referred this case to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed

---

[1] Ms. Smith previously filed a similar action in this Court, which was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *Smith v. US Government Agencies*, No. 5:21-cv-00677 (S.D. W. Va.).

findings and a recommendation ("PF&R"). [Doc. 3].

Magistrate Judge Aboulhosn filed a PF&R on September 20, 2022, recommending that the Court deny Ms. Smith's application to proceed without prepayment of fees or costs, dismiss her complaint, and remove her case from the docket. [Doc. 8]. Magistrate Judge Aboulhosn determined that Ms. Smith's claims were frivolous and also that she had failed to state a claim on which relief could be granted. *Id.* at 4-5. He further concluded that because Ms. Smith had raised similar allegations in a previous action, *res judicata* barred her claims. *Id.* at 5-6. Ms. Smith timely objected on October 7, 2022, insisting that she invented the flat screen TV and asserting that two of her family members have filed "for royalties and inventorship" of the design. [Doc. 10].

In the same filing, Ms. Smith also requested leave to amend her complaint to add newly discovered evidence and defendants. [Doc. 10]. The proposed allegations, however, are difficult to understand. Liberally construed, Ms. Smith appears to allege that her daughter and her daughter's attorney improperly filed patent and royalty claims related to her flat screen TV design. *Id.* at 2-3. She further seems to allege that another individual and the individual's attorney filed a second patent and royalty lawsuit. *Id.* at 3. Finally, Ms. Smith apparently claims that her daughter and another family settled a civil rights case without her authorization and that the settlement precludes her from seeking some type of relief. *Id.* at 6-7. Ms. Smith later filed a proposed amended complaint on November 7, 2022, in which she alleges that her daughter and her daughter's attorney filed a patent application without her authorization. [Doc. 13]. Ms. Smith characterizes their actions as elder abuse. *Id.*

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C.§ 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the plaintiff's right to appeal the court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

## III.

### A. Objections to PF&R

Ms. Smith filed two objections to the PF&R. [Doc. 10]. First, she insists she invented the flat screen TV, and second, she asserts that two of her family members have filed "for royalties and inventorship" of the TV. *Id.* Magistrate Judge Aboulhosn found Ms. Smith's claims regarding invention of the flat screen TV to be frivolous and also determined that she failed to state a claim on which relief could be granted. [Doc. 8 at 4-5].

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, a court must dismiss the case upon determining it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

3

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). These requirements are "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).[2]

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. "The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. FMC Butner*, 376 F.3d 252, 257 (4th Cir. 2004). As guidance, the Supreme Court has stated that such claims may involve "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. Moreover, when conducting such an inquiry, courts are permitted "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Id.*

In addition to frivolousness, under § 1915(e)(2)(B)(ii), a complaint may also be dismissed for the failure to state a claim on which relief may be granted. By using this familiar language, § 1915 incorporates the standard applicable to motions to dismiss under *Federal Rule of Civil Procedure* 12(b)(6). *See Smiley v. Parker*, No. 2:09cv551, 2009 WL 9053209, at *1 (E.D.

---

[2] Although *Neitzke* discusses a prior version of § 1915(d)(2)(B), which only permitted dismissal if the action was frivolous or malicious, the purpose behind the current version of the statute remains the same. *See Nagy v. FMC Butner*, 376 F.3d 252, 255-56 (4th Cir. 2004).

4

Va. Nov. 6, 2009). Under that standard, the complaint must contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012). Courts should be mindful, however, that *pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Because it "lacks an arguable basis . . . in fact," *Neitzke*, 490 U.S. at 325, Ms. Smith's complaint is frivolous. Her principal claim – that a federal agent stole her design for a flat screen TV in 1993 and then distributed it for mass production – is "wholly incredible" on its face. *Denton*, 504 U.S. at 33. Moreover, the sparse allegations in her complaint fail to make out a plausible claim for relief. *Twombly*, 550 U.S. at 570. Ms. Smith critically provides no details regarding the specifics of her design. She fails to explain why a federal agent was working with "TV companies" in an effort to steal her design. And importantly, she offers no explanation as to why she waited almost 30 years to bring such a claim, especially given the ubiquity of flat screen TVs. Accordingly, even liberally construed, Ms. Smith's complaint is frivolous and further fails to state a claim on which relief may be granted. Ms. Smith's insistence in her objections that she invented the flat screen TV and her assertion that two of her family members have filed "for royalties and inventorship" of the design do nothing to alter this conclusion.

*B. Proposed Amendments*

In her filing with her objections and later with a proposed amended complaint, Ms. Smith attempted to add additional allegations to her complaint, which this Court construes as a motion to amend. [Docs. 10, 13]. Where, as here, a party may not amend as a matter of course, the party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Our Court of Appeals has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

As noted above, Ms. Smith's proposed amendments generally allege that other individuals improperly filed patent applications for her design of the flat screen TV. [Docs. 10 at 2-3, 13]. Moreover, she alleges that her daughter and another family settled a civil rights case without her authorization. [Doc. 10 at 6-7]. For the reasons stated above, Ms. Smith's allegations, even with the proposed amendments, are frivolous and fail to state a claim "under the applicable rules and accompanying standards." *Katyle*, 637 F.3d at 471 (citing *Kellogg Brown & Root, Inc.*, 525 F.3d at 376). Thus, even accounting for her *pro se* status, the proposed amendments are futile.

**IV.**

For the foregoing reasons, the Court **OVERRULES** Ms. Smith's objections [**Doc. 10**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 8**], **DENIES** Ms. Smith's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**], **DENIES** her motion to amend [**Docs. 10, 13**], **DISMISSES** her complaint [**Doc. 2**], and **REMOVES** this case from the docket.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER:          May 4, 2023

Frank W. Volk
United States District Judge